23071

The STATE, Respondent v. Danny Keith SNELGROVE, Appellant.

(384 S. E. (2d) 705)

Supreme Court

*Henry Dargan McMaster* and *Frank Barnwell McMaster,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard June 6, 1989.

Decided Sept. 5, 1989.

TOAL, Justice:

On June 19, 1987, Danny Snelgrove and his family left a restaurant without paying the bill after being dissatisfied

with the selection of food on the buffet. Snelgrove was charged with and convicted of defrauding the keeper of a restaurant in violation of § 45-1-50. On appeal, Snelgrove presents the following issues: (1) whether the trial court committed reversible error in failing to charge the jury with the definition of the word "abscond" as used in the statute and (2) whether the trial court committed reversible error by denying Snelgrove's motion for a directed verdict.

## FACTS

Danny Snelgrove, his family and several friends went to the Pilot House Restaurant in Murrells Inlet to eat dinner. The Snelgrove party consisted of five adults and eight children. Snelgrove testified that they chose this restaurant because it was not as crowded as some of the others, and the children were very hungry. The five adults ordered the seafood buffet and several of the children ordered from the menu. Snelgrove and his friend went to the buffet table. They testified, however, that the food supply was inadequate. Most of the food containers were empty. There were no vegetables, fish, oysters, or deviled crab, as had been promised. The only food that was available was a small amount of shrimp, french fries, and clam strips. The two men placed a small portion of these items on their plates and returned to their table. They informed the wives of the situation and said that maybe more food would be brought out. When the wives went to the buffet line, no food had been added. They put a small portion of food on their plates and returned to the table. After going to the buffet again and seeing that no additional food had been added, Snelgrove and his party decided to leave. When the manager questioned Snelgrove, he explained that the food supply on the buffet was inadequate. According to Snelgrove, he offered to pay for the thirteen teas and two salads which had been eaten by the teenagers. The manager said that he would revise the bill. When he did not return after approximately ten to fifteen minutes, Snelgrove went to his car. The manager ran out after him and said that the revised bill was $62.95. Snelgrove said he would not pay that amount and left. The Snelgrove party went to another restaurant and ate dinner.

Snelgrove was tried in General Sessions, convicted and sentenced to six months imprisonment and $500 fine, provided, however, that upon payment of the $500 fine and $62.95 in restitution, the balance of the sentence is suspended. This appeal followed.

## DISCUSSION

Snelgrove was convicted of defrauding the keeper of a restaurant under § 45-1-50, S. C. Code Ann. (Cum. Supp. 1987). This section provides in pertinent part: "A. *Any person who shall:* (1) *obtain any food,* lodging or other service or accommodation *at any* hotel, motel, inn, boarding or room house, cafe or *restaurant and intentionally abscond without paying for it,* ... shall be deemed guilty of a misdemeanor." (Emphasis added.) Snelgrove contends that the trial court erred in failing to charge the jury with the definition of the word "abscond" as used in the statute. We agree.

"Abscond" means "[t]o go in a clandestine manner out of the jurisdiction of the courts, or to lie concealed, in order to avoid their process. To hide, conceal or absent oneself clandestinely, with the intent to avoid legal process." *Black's Law Dictionary,* 8 (5th Ed. 1979).

If the Legislature had intended for this criminal statute to apply to situations where clandestine or secretive behavior were not present, the word "abscond" would not have been used in this statute. Clearly, § 45-1-50 applies only to situations where a patron obtains food from a restaurant and then attempts to avoid payment by departing in a secretive or clandestine manner. Therefore, it is essential that the definition of the word "abscond" be understood by the jury and that evidence of such secretive or clandestine behavior be presented by the State.

The Supreme Court of Idaho reached this conclusion when analyzing a similar statute in *State v. Wagenius,* 99 Idaho 273, 581 P. (2d) 319, (1978).

> All of the dictionary definitions of 'abscond' indicate that to abscond means to depart clandestinely, secretly, or surreptitiously. It is not sufficient that the state prove merely that defendant left the premises without paying. There must be some evidence, either direct or

circumstantial, that the departure was secretive, clandestine, or surreptitious in order for it to constitute 'absconding.' (Citations omitted.)

581 P. (2d) at 327.

It should also be noted that the jury in this case had questions concerning the wording of the statute. After the jury had been out 14 minutes, they requested a copy of the statute. This request was denied. The jury returned with a second question 15 minutes later. The jury asked whether the statute read ". . . and did intentionally abscond without paying." They also requested a definition for the word "intentionally."

In light of the questions from the jury and the import of the word "abscond," we conclude that the trial judge erred in failing to instruct the jury on the definition of "abscond." Snelgrove also contends that the trial court erred in failing to direct a verdict because there was no evidence that he intentionally absconded without paying the debt. We agree. No evidence was presented to indicate that Snelgrove left the restaurant in a secretive or clandestine manner. We further note that without such a showing, there can be no finding of criminal intent to abscond. Therefore, we conclude that Snelgrove's actions did not fall within the parameters of § 45-1-50, and, therefore, a directed verdict should have been entered for defendant. A review of the record before this Court reveals that this was not a criminal matter, but merely a civil dispute over the amount of money owed for the food.

For the reasons discussed above, the lower court is Reversed.

GREGORY, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.